**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RAMIRO and MISSI R., individually and as parents and next friends to A.R., a minor,[1] | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. CIV-04-1033-M |
| J.B. HUNT TRANSPORT SERVICES, INC., and STEVEN BERNARD AUGUSTINE, | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Plaintiffs' Application for Leave to File First Amended Complaint ("Application"). The Application has been fully briefed and is now ripe for determination. For the reasons set forth in detail below, the Application will be granted.

I. Background

This personal-injury negligence action arises out of a vehicular accident involving Plaintiffs' automobile and a tractor-trailer driven by Defendant Steven Bernard Augustine ("Augustine"). It is undisputed that Augustine was an agent or employee of Defendant J.B. Hunt Transport, Inc. ("Hunt"), incorrectly identified by Plaintiffs as J.B. Hunt Transport Services, Inc., at the time of the accident.

In their Petition,[2] Plaintiffs allege a direct negligence claim against Augustine and an indirect, *respondeat superior* claim against Hunt. In their Application, Plaintiffs seek to add three

---

[1] Initials of minor child used pursuant to the Judicial Conference Policy on Privacy and the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899. *See* Amended General Order Regarding Privacy and Public Access to Electronic Case files, W.D. Okla., February 16, 2005.

[2] Plaintiffs instituted this action in the District Court of Custer County, State of Oklahoma; Defendants removed it to this Court on the ground of diversity jurisdiction. Because this action is grounded on diversity jurisdiction, Oklahoma substantive law governs. *Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998).

additional claims: (1) a negligent hiring, training, and retention claim against Hunt; (2) a negligent maintenance, repair, and/or service claim against both Augustine and Hunt; and (3) a claim against Hunt's insurer in accordance with Okla. Stat. tit. 47, § 169.[3] Defendants object to the addition of any of the three newly proposed claims.

## II. Discussion

Federal Rule of Civil Procedure 15 governs requests to amend pleadings. That rule provides, in relevant part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calender, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). Defendants have filed their Answer to Plaintiffs' Petition and now object to the proposed amendments to the same. The Court may grant Plaintiffs' request to amend, therefore, only if "justice so requires."

### A. Negligent Hiring, Training, and Retention Claim

It is well established that Oklahoma recognizes a cause of action for "negligence in hiring, supervising or retaining an employee." *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999); *Jordan v. Cates*, 935 P.2d 289, 292 (Okla. 1997); *Clark v. Turner*, 99 P.3d 736, 738 (Okla. Ct. App. 2004). As explained by the Oklahoma Supreme Court:

---

[3] Effective November 1, 1995, this section was amended and recodified at Okla. Stat. tit. 47, § 230.30. 1995 Okla. Sess. Law Serv. Ch. 143 (West). The Court finds, however, that the amendments to § 169 have no impact in this action, as the pertinent language from § 169 remains substantially the same in § 230.30.

> [t]he claim is based on an employee's harm to a third party through employment. An employer is found liable, if–at the critical time of the tortious incident–, the employer had reason to believe that the person would create an undue risk of harm to others. Employers are held liable for their prior knowledge of the servant's propensity to commit the very harm for which damages are sought.

*N.H.*, 998 P.2d at 600.

It is equally well established under Oklahoma law that, at least in some circumstances, such direct or non-vicarious liability claims may be asserted simultaneously with indirect or vicarious liability claims, also known as *respondeat superior* claims, against the same employer. *See id.* at 600 (stating that negligent hiring claims are available only "if vicarious liability is not established"); *Jordan*, 935 P.2d at 293 ("[T]he theory of negligent hiring and retention is available in a nonvicarious liability case or in a case where vicarious liability has not been established."); *cf. Nat'l Trailer Convoy, Inc. v. Saul*, 375 P.2d 922, 929 (Okla. 1962) (explaining both the distinctions between and the compatibility of *respondeat superior* and negligent entrustment claims as follows: "One theory [(*respondeat superior*)] merely has to do with the liability of a contractee for the negligence of its contractor within the scope of his agency on a job involving potential danger to the public or third persons; while the other [(negligent entrustment)] has to do with the primary liability of one who causes a chattel to be placed in the hands of another under circumstances rendering foreseeable the likelihood of its becoming a dangerous instrumentality. Neither is inconsistent with the other; and the jury could have consistently determined that [the defendant] was liable on one of these theories, or on both–as they evidently did").

The question presented in the instant action – a question that is not so easily answered by reference to Oklahoma jurisprudence – is whether, under Oklahoma law, a person injured by an agent or employee of another may simultaneously assert against the alleged employer a negligent hiring claim *and* a *respondeat superior* claim when the employer concedes that the alleged tortfeasor

was acting within the course and scope of his employment at the time of the harm-causing event. Defendants, in reliance on the Oklahoma Supreme Court's opinion in *Jordan*, *supra*, argue that because Hunt concedes Augustine was acting within the course and scope of his employment at the time of the accident – and consequently concedes liability under the theory of *respondeat superior* in the event Plaintiffs prove Augustine's alleged negligence to a jury – "[a]ny other theories of recovery or direct negligence against Defendant Hunt, including negligent hiring, negligent training, negligent entrustment, negligent maintenance, negligent repair or negligent service, are therefore 'superfluous and unavailable' to the Plaintiffs . . . ." Resp. to Application at 6. Plaintiffs, on the other hand, argue that *Jordan* is controlling only in intentional tort cases. They therefore argue that negligent hiring, training, and retention and negligent maintenance, repair, and/or service claims may properly be maintained alongside a *respondeat superior* claim, notwithstanding an employer's admission of vicarious liability, where, as here, the underlying tort alleged is negligence.

In *Jordan*, the plaintiff alleged he was physically assaulted by the on-duty manager of a convenience store. 935 P.2d at 291. He sued both the manager and the corporation that owned and operated the store, claiming the corporation was directly liable for its negligent hiring and retention of the manager, and indirectly liable, under a *respondeat superior* theory, for the manager's intentional tort. *Id.* The corporation admitted the manager was acting within the course and scope of his employment at the time he committed the alleged intentional tort, and for that reason moved for summary judgment on the negligent hiring and retention claim. *Id.* at 291-92. The trial court granted the motion for summary judgment, and the Oklahoma Supreme Court affirmed, holding that "the theory of negligent hiring and retention is available in a nonvicarious liability case or in a case where vicarious liability has *not* been established." *Id.* at 293 (emphasis added). The court emphasized that its holding is

> limited to those situations where the employer stipulates that liability, if any, would be under the *respondeat superior* doctrine, thereby making any other theory for imposing liability on the employer unnecessary and superfluous. Because vicarious liability can include liability for punitive damages, the theory of negligent hiring and retention imposes no further liability on [the] employer.

*Id.* The court's holding is limited even further in the syllabus that precedes the opinion. The syllabus provides: "where an employer stipulates an employee is acting within the scope of his employment *when an altercation occurs* and liability for punitive damages can be established under the *respondeat superior* doctrine, the theory of negligent hiring imposes no further liability . . . ." *Id.* at 290 (emphasis added).

As stated above, Plaintiffs (focusing on the narrower language of the syllabus), assert the holding in *Jordan* is limited to cases involving intentional torts, while Defendants (focusing on the broader language contained in the body of the opinion), assert the holding applies to all tort cases. The Court agrees with Plaintiffs for three reasons.

First, the Court is persuaded that the narrower language of *Jordan*'s syllabus, in which the Oklahoma Supreme Court's holding is limited to cases involving physical altercations, accurately reflects the intent of that court. Under Oklahoma law, "the syllabus is the law of the case . . .," *Eckels v. Traverse*, 362 P.2d 683, 686 (Okla. 1961), though its "efficacy . . . depends entirely upon the circumstances of the case on which the syllabus is intended to properly effect." *Creswell v. Temple Milling Co.*, 499 P.2d 421, 423 (Okla. 1972). Viewing the syllabus in light of the factual and procedural circumstances of the case, the Court cannot say that the syllabus is an unduly restrictive or inaccurate summary of the Oklahoma Supreme Court's ultimate holding.

Second, and relatedly, the Court notes the language and citations contained in the body of the *Jordan* opinion, which support the narrower holding set out in the syllabus. For example, the Oklahoma Supreme Court discussed the doctrine of *respondeat superior* in the context of an

"employee's *intentional* tort," 935 P.2d at 292 (emphasis added), rather than with respect to torts generally. *See also id.* ("The doctrine of *respondeat superior* provides a vehicle by which the employer can be held liable for its employee's intentional torts."). Also, in explaining that Oklahoma does recognize negligent hiring claims in limited circumstances, the Oklahoma Supreme Court discussed *Mistletoe Express Serv., Inc. v. Culp*, 353 P.2d 9 (Okla. 1960), another intentional tort case, and one in which *respondeat superior* liability was denied by the employer. 935 P.2d at 292 (emphasizing that the employer's denial was the reason why "both theories of liability were available to establish the employer's liability for its employee's intentional torts"). The Court finds the weight that the Oklahoma Supreme Court apparently placed on the nature of the tort at issue in *Jordan* is telling. Further, the Court finds nothing in the *Jordan* opinion to suggest the Oklahoma Supreme Court considered extending its holding to all tort cases. If the *Jordan* court intended to pronounce a new substantive rule with application in cases factually distinguishable from the case then under consideration, as Defendants maintain it did, one would reasonably expect that the court would do so explicitly. Clearly, it did not.

Third, the Court's research reveals that the disputed holding in *Jordan* has been cited in only one published opinion, another case involving an intentional tort. *See N.H.*, 998 P.2d at 600 (stating in a child molestation case that "[i]n Oklahoma, the [negligent hiring, supervising, or retaining] theory of recovery is available if vicarious liability is not established") (citing *Jordan*). If the Oklahoma Supreme Court intended to extend its *Jordan* holding to negligence cases, one would expect to find some recognition of, if not reliance upon, that extended holding in Oklahoma case law. Clearly, that has not happened.

For all of the above-stated reasons, the Court finds the holding in *Jordan* is limited to cases involving intentional torts. Thus, the holding has no application in the case at bar, and in no way

precludes Plaintiffs' negligent hiring, training, and retention claim. As Defendants have not advanced any alternative grounds for this Court to question the viability of Plaintiffs' negligent hiring, training, and retention claim, in view of the fact that Oklahoma courts explicitly recognize such claims, *see, e.g., N.H.*, 998 P.2d at 600, as well as the propriety of pursuing similar claims simultaneously with *respondeat superior* claims, *Nat'l Trailer*, 375 P.2d at 929, and considering the facts of this particular case, which on their face indicate that such a claim could at least potentially result in a jury verdict in Plaintiffs' favor, the Court finds that Plaintiffs should be permitted to amend their Petition by adding a claim that Hunt negligently hired, trained, or retained Augustine.

B. Negligent Maintenance, Repair, and/or Service Claim

Defendants' objection to Plaintiffs' negligent maintenance, repair, and/or service claim is, like their previous objection, derived from the Oklahoma Supreme Court's holding in *Jordan*. For reasons previously stated, the Court rejects this objection and reiterates that *Jordan* does not preclude Plaintiffs from asserting non-vicarious liability claims against Hunt regardless of whether Hunt admits that Augustine was acting within the course and scope of his employment at the time of the accident.

Even if the *Jordan* holding is not properly restricted to intentional tort cases, however, the Court would be compelled to reject Defendants' objection on a separate basis. Unlike a negligent hiring, training, and retention claim, a claim that *Hunt* negligently maintained, repaired, and/or serviced the tractor-trailer involved in the accident is not factually dependant upon the alleged wrongfulness of Augustine's conduct.[4] Instead, the claim operates as a vehicle through which

[4] To state a claim against an employer for negligent hiring, training, or retention of an employee, it is necessary to first establish that the employee's conduct – the conduct giving rise to the plaintiff's claims – was in fact tortious. *See N.H.*, 998 P.2d at 600 ("Employers are held liable for their prior knowledge of the servant's propensity *to commit the very harm for which damages are sought*.") (emphasis added).

Plaintiffs seek to impose liability on Hunt directly, solely because of Hunt's alleged negligence, which could be established in the absence of any wrongdoing on the part of Augustine.[5] Therefore, the Court finds that *Jordan* would not preclude Plaintiffs' negligent maintenance, repair, and/or service claim, assuming that *Jordan* applied in negligence cases, as an employer's admission that it is liable on a *respondeat superior* theory if its employee is found to have acted negligently has no impact on whether the employer may be liable for neglecting its own duty to take or refrain from taking any actions that may cause harm to others.

Oklahoma recognizes a cause of action for negligent maintenance, *Ply v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 81 P.3d 643 (Okla. 2003), and the Court finds that the facts and allegations at issue in this case, at least on their face, indicate that Plaintiffs could potentially succeed on such a claim here. The Court, accordingly, finds that Plaintiffs should be permitted to amend their Petition by adding a claim that Hunt or Augustine negligently maintained, repaired, and/or serviced the tractor-trailer involved in the accident.

C. Claim Against Insurer

Finally, Defendants object to Plaintiffs' proposed claim against Hunt's insurer. Plaintiffs cite Okla. Stat. tit. 47, § 169 (now § 230.30) as the statutory basis for the claim. Defendants concede that § 230.30 "does allow a direct action against a motor carrier's liability insurer." Resp. to Application at 9; *see also Be-Mac Transp. Co. v. Lairmore*, 129 P.2d 192, 196 (Okla. 1942); *Blanke*, 152 F.3d at 1230-31. They maintain, however, that Hunt is self-insured, and that Illinois National Insurance ("Illinois National"), one of two insurers that Plaintiffs initially sought to add as

[5] For purposes of illustration, the Court notes that a jury could conclude that Hunt neglected to properly service the brakes on the tractor-trailer. If the jury determined that Hunt's neglect, rather than any action or inaction on the part of Augustine, proximately caused the accident at issue in this action, Hunt could be found liable while Augustine escapes liability.

defendants,[6] provides Hunt with only excess-liability coverage. As a consequence, they argue (without citing to any authority) that Illinois National "will not be required to satisfy any judgment which the Plaintiffs might receive in this civil action," Resp. to Application at 9, and should not be made a party to this litigation.

The Court finds that Defendants' argument is without merit. The Oklahoma Supreme Court has defined "primary" and "excess" liability coverage as follows:

> *Primary coverage* is provided when, under the terms of the policy, the insurer is liable without regard to any other insurance coverage available. *Excess coverage* or *secondary coverage* is provided when, under the terms of the policy, the insurer is liable for a loss only after any primary coverage–*other insurance*–has been exhausted.

*Equity Mut. Ins. Co. v. Spring Valley Wholesale Nursery*, 747 P.2d 947, 954 (Okla. 1987). Based on this definition, the Court is unable to conclude that Illinois National will under no circumstances "be required to satisfy any judgment which the Plaintiffs might receive in this civil action." Moreover, the Court observes that the Tenth Circuit, in reliance on § 169, has held in an action arising under Oklahoma law that joinder of a defendant's *excess-liability* insurer was "authorized by state substantive law and . . . proper," *Blanke*, 152 F.3d at 1230, and that the trial court's decision to permit references to the insurer was "in conformity with the state's policy permitting the plaintiffs to proceed as they did." *Id.* at 1231.

In view of the foregoing, the Court finds that Plaintiffs should be permitted to amend their Petition by adding a claim against Illinois National in accordance with § 230.30.

---

[6] The Court assumes that Plaintiffs no longer seek to add National Union Fire Insurance Company ("National Union") as a defendant in view of Defendants' representation that National Union does not insure Hunt in any capacity.

III. Conclusion

For all of the above-stated reasons, the Court finds, pursuant to Fed. R. Civ. P. 15(a), that "justice" requires that Plaintiffs' Application [docket no. 15] be, and the same now hereby is, GRANTED. Plaintiffs shall file their Amended Petition within five (5) days from the date of this order.

**IT IS SO ORDERED this 8th day of April, 2005.**

Vicki Miles-LaGrange

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE